IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD R. WOLLWERT,
HAYWARD MINI BUILDINGS, LLC AND
OLD HICKORY BUILDINGS, LLC,

OPINION AND ORDER

Plaintiffs,

19-cv-752-bbc

v.

WASHBURN COUNTY AND WASHBURN
COUNTY BOARD OF ADJUSTMENTS,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case arises out of a dispute between plaintiffs Edward R. Wollwert, Hayward Mini Buildings, LLC and Old Hickory Buildings, LLC and defendant Washburn County over plaintiffs' display of Old Hickory sheds on plaintiffs' property. Plaintiffs began displaying sheds on their property in June 2018, but defendants notified plaintiffs that the sheds did not meet county setback requirements and needed to be moved. Plaintiffs appealed to the county Board of Adjustments, but the board denied the appeal. Plaintiffs then filed a civil action in the Circuit Court for Washburn County, and defendants removed the case to this court. In an order entered on September 16, 2019, the parties were directed to submit briefing addressing (1) the question whether this court should remand to state court plaintiffs' claims for injunctive and declaratory relief under state law; and (2) plaintiffs' request for preliminary injunctive relief. Dkt. #11. Both sides have responded. In addition, plaintiffs filed an amended complaint adding Washburn County Board of Adjustments as

1

a defendant.

Turning first to the jurisdictional question, I conclude that this court can exercise jurisdiction over all of plaintiffs' claims. In the previous order, I questioned whether sovereign immunity principles barred this court from exercising jurisdiction over plaintiffs' state-law claims for injunctive and declaratory relief. Dkt. #11 at 2 (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984); Benning v. Board of Regents of Regency Univ., 928 F.2d 775, 778 (7th Cir. 1991)). However, as plaintiffs point out, defendants waived any sovereign immunity defense by removing this case to federal court. Lapides v. Bd. of Regents of University System of Georgia, 535 U.S. 613, 624 (2002) ("[T]he State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity."); Omosegbon v. Wells, 335 F.3d 668, 673 (7th Cir. 2003) ("'[A] state's voluntary invocation of a federal court's jurisdiction through removal waives a state's 'otherwise valid objection' to litigation of a state-law claim in a federal forum."). Therefore, I conclude that principles of sovereign immunity do not prohibit this court from adjudicating plaintiffs' state-law claims.

In their response brief, defendants also contend that this court lacks jurisdiction over plaintiffs' claim that defendants have prohibited them from advertising because that claim is not ripe. If a claim is not ripe, a court lacks subject matter jurisdiction under the case-or-controversy requirement of Article III of the constitution. Flying J Inc. v. City of New Haven, 549 F.3d 538, 544 (7th Cir. 2008). Defendants say that because plaintiffs have never requested permission from defendants to display a sign advertising their Old

2

Hickory sheds on their property, their claim is not ripe. However, plaintiffs have not raised any claim in their amended complaint related to displaying a sign on their property. All of their claims relate to defendants' decision to deny their request to display sheds on their property close to a state highway. Defendants have made a final decision regarding plaintiffs' request to display the sheds, so plaintiffs' claims are ripe. Accordingly, I am satisfied that this court has subject matter jurisdiction over all of plaintiffs' claims.

As for plaintiffs' motion for preliminary injunctive relief, plaintiffs have failed to show that they are entitled to such relief. To be entitled to preliminary injunctive relief, plaintiffs must show that: (1) they will suffer irreparable harm before a final resolution of the merits; (2) traditional legal remedies are inadequate; and (3) there is some likelihood of success on the merits of the claim. HH-Indianapolis, LLC v. Consol. City of Indianapolis and Cty. of Marion, 889 F.3d 432, 437 (7th Cir. 2018). If the plaintiff makes that threshold showing, the court applies a sliding-scale approach and weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to other parties or the public is sufficiently weighty that the injunction should be denied. Id.

In this instance, plaintiffs have not yet shown a likelihood of success on their claims. Plaintiffs raise several claims in their amended complaint: (1) defendants' decision denying their request to place sheds on their property was arbitrary and violated state law; (2) defendants violated their rights to due process, equal protection and free speech; and (3) defendant's set-back ordinance is unconstitutionally vague and overbroad. However, in their brief in support of their motion for preliminary injunctive relief, plaintiffs address only their

3

claims that the ordinance is vague and that defendants have applied it selectively.

Plaintiffs contend that the definition of "structure" in the setback ordinance is unreasonably vague and overbroad. The ordinance prohibits "structures" from being within the setback, and defines "structure" as:

> Any man made object with form, shape and utility, either permanently or temporarily attached to, placed upon or set into the ground, stream bed or lake bed, which includes, but is not limited to, such objects as roofed and walled buildings, gas or liquid storage tanks, bridges, dams and culverts.

Washburn County Ordinance Division 16, § 38-480. Plaintiffs contend that this definition is so broad that it would encompass items such as lawn ornaments, lawn chairs, mailboxes, vehicles and snowmen.

However, showing that the ordinance is worded broadly and encompasses more than the county likely intended is not enough to show a likelihood of success on plaintiffs' claims. When considering whether a statute is void for vagueness, courts look at the statute "as applied to the particular facts at issue." Holder v. Humanitarian Law Project, 561 U.S. 1, 18 (2010). See also Chapman v. United States, 500 U.S. 453, 467 (1991) ("[A] vagueness claim must be evaluated as the statute is applied to the facts of this case."); United States v. Jones, 689 F.3d 696, 702 (7th Cir. 2012) ( "Vagueness challenges are normally evaluated in light of the particular facts of the case, not in general."). This is because "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Holder, 516 U.S. at 20 (quoting Hoffman Estates, 455 U.S. at 495).

The setback ordinance specifically includes "roofed and walled buildings" in its

4

definition of structures.  From the pictures that plaintiffs submitted, dkt. #9-1, plaintiffs' sheds qualify as "roofed and walled buildings."  Because the ordinance expressly prohibits the type of structure that plaintiffs displayed in the setback area, the ordinance is not unreasonably vague as applied to plaintiffs.  It is irrelevant whether the ordinance would also preclude law ornaments, chairs or snowmen, as plaintiffs have not requested permission to display such items.  Holder, 561 U.S. at 20 (plaintiffs cannot make successful vagueness challenge to statute "based on speech of others").  Therefore, plaintiffs have not shown a likelihood of success on their vagueness challenge.

Plaintiffs also state in their brief that they have a likelihood of success on their equal protection claim because defendants have applied the statute selectively by permitting other businesses to display "structures" in the setback area.  However, plaintiffs have submitted no evidence to support this assertion.  In particular, they have not identified any specific business that has been permitted to display structures similar to the sheds that plaintiffs want to display.  Therefore, plaintiffs have not shown a likelihood of success on their equal protection claim either.  Because plaintiffs have not shown a likelihood of success on any of their claims, I will deny their motion for preliminary injunctive relief.

ORDER

IT IS ORDERED that the parties' plaintiffs Edward R. Wollwert, Hayward Mini Buildings, LLC and Old Hickory Buildings, LLC's motion for preliminary injunctive relief, dkt. #5, is DENIED.

Entered this 5th day of December, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge